HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BAHA ELDIN ABDALLA,

    Plaintiff,

    v.

MICHAEL B. MUKASEY[1], et al.,

    Defendants.

CASE NO. C07-1767RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on cross-motions for summary judgment (Dkt. ## 7, 12). Neither party has requested oral argument. For the reasons stated below, the court GRANTS Plaintiff Abdalla's motion for summary judgment (Dkt. # 12) in part, DENIES it in part, and DENIES Defendants' motion for summary judgment (Dkt. # 7). The court directs certain Defendants to take action as described at the conclusion of this order. In addition, the court issues orders to both Plaintiff's and Defendants' counsel governing future briefs in support of motions in immigration mandamus cases.

## II. BACKGROUND & DISCUSSION

Plaintiff Baha Eldin Abdalla is an immigrant from Sudan who has been a lawful permanent resident of the United States since late 2001. Heinauer Decl. ¶¶ 2, 4. On

---

[1] The court substitutes Attorney General Michael Mukasey for former Attorney General Alberto Gonzales. Fed. R. Civ. P. 25(d).

ORDER – 1

November 7, 2006, Mr. Abdalla filed an N-400 petition to United States Citizenship and Immigration Services ("USCIS") for naturalization as a United States citizen. USCIS has not adjudicated his petition, nor has it scheduled the interview that precedes an adjudication. No one disputes that the sole reason USCIS has not scheduled an interview or otherwise acted to adjudicate the petition is that it has not received the results of his "name check" from the Federal Bureau of Investigation ("FBI"). Heinauer Decl. ¶ 15. Mr. Abdalla brought this action to compel Defendants to adjudicate his naturalization petition. The parties have filed cross-motions for summary judgment.

The court has considered the issues that the parties raise in the instant motions before. On June 20, 2008, the court issued an order resolving similar motions in *Rajput v. Mukasey*, No. C07-1029RAJ, 2008 U.S. Dist. LEXIS 48281 (W.D. Wash. June 20, 2008).

There is no basis to distinguish the instant motions from the ones before the court in *Rajput*. Mr. Abdalla has been awaiting adjudication on his naturalization petition just as long as Ms. Rajput had been waiting. Defendants' arguments in favor of allowing Mr. Abdalla's petition to pend indefinitely duplicate the arguments Defendants made in *Rajput*. Indeed, Defendants' briefs are almost identical to those they submitted in *Rajput*. This is so even though the court issued the June 20 order in *Rajput* three days before Defendants filed their opposition brief in the instant case. Defendants have not acknowledged the *Rajput* decision, much less made any effort to argue that a different result is appropriate here. As was the case in *Rajput*, the Defendants offer no specific evidence to explain why Mr. Abdalla's name check is not complete. Instead, they rely solely on the systemic justifications for delay that the court rejected in *Rajput*.

The court finds Mr. Abdalla's circumstances materially indistinguishable from those in *Rajput*, and finds that Defendants offer neither evidence nor argument to warrant a different legal conclusion. The court will therefore grant Mr. Abdalla's motion for

ORDER – 2

summary judgment, at least to the extent that it seeks a mandate that Defendants associated with the FBI complete his name check.

In addition, the court orders all counsel from the United States Attorney's Office in this District (hereinafter "Government counsel") to alter their briefing practices in cases where immigrants seek mandamus relief before this court. As Government counsel is unquestionably aware, this court has entered orders resolving mandamus disputes both as to immigrants applying for adjustment of status (*see Amirparviz v. Mukasey*, No. C07-1325, 2008 U.S. Dist. LEXIS 7964 (W.D. Wash. Feb. 4, 2008)) and as to immigrants applying for naturalization (*see Rajput, supra*). In cases following those, however, Government counsel has largely chosen to rely on the same arguments and evidence that the court has already rejected. In each such case, the court must devote resources to poring over Government counsel's brief and supporting evidence to determine if counsel has acknowledged the court's prior rulings, and if counsel has made any effort to offer new evidence or argument to warrant a different result. To date, that expenditure of resources has been mostly fruitless. Government counsel has not offered new evidence or argument, and counsel rarely acknowledges this court's prior orders.[2] The court therefore orders as follows: At the outset of every brief seeking relief in an immigration mandamus case, Government counsel must cite any prior order of this court that resolves the same issue, and counsel must inform the court whether it is submitting a virtual carbon copy of the brief that led to the prior order. If Government counsel is not submitting a materially identical brief, then counsel shall specifically cite the portion or portions of the brief that introduce new evidence or argument. Moreover, in every action before this court where Government counsel has filed a brief in support of an unresolved motion that would otherwise have been subject to this order, counsel shall file a

---

[2] This order does not require Government counsel to change the substance of their briefs. If Government counsel wishes to reassert arguments that the court has already rejected, it free to do so. This order is intended only to minimize the burden on the court of hunting through counsel's briefs in search of new evidence or argument.

ORDER – 3

supplement to the brief that complies with this order.  Defendants' counsel in the instant case shall take appropriate steps to ensure that all Government counsel receive notice of this order.

Before concluding this order, the court notes that although Defendants relied on virtual carbon copies of their brief in *Rajput*, Mr. Abdalla's counsel (who was also plaintiff's counsel in *Rajput*) offered an expanded argument in his brief.  He expanded his brief so much, in fact, that he exceeded this court's page limits for summary judgment motions by four pages.  Local Rules W.D. Wash. CR 7(e)(3).

Counsel used the overlength portion of Mr. Abdalla's brief to reassert his contention that the FBI name check process is "ultra vires."  The court rejected this argument in *Rajput* because it found that the plaintiff had not "present[ed] sufficient argument or evidence for the court to address that contention."  2008 U.S. Dist. LEXIS at *21.  In this case, had counsel not exceeded the court's page limits, the court might well have reached the same conclusion.  Instead, the court simply disregards the overlength portion of Plaintiff's brief, and thus disregards the assertion that FBI name checks for naturalization petitioners are ultra vires.  The court also notes that much of the reason that Mr. Abdalla's brief is overlength is that his counsel chose to devote much of it to anecdotal information (often unsupported by accompanying evidence) about his representation of other immigrants in this District, and unnecessary snipes at USCIS and FBI immigration operations.  These addenda add length, but not substance, to Mr. Abdalla's brief, and they do not advance his cause.  Counsel is cautioned to avoid them in the future.

### III. CONCLUSION

For the reasons stated above, the court GRANTS Mr. Abdalla's motion (Dkt. # 12) to the extent it seeks to compel Defendants connected to the FBI to complete his name check, and DENIES it in all other respects.  The court DENIES Defendants' summary judgment motion (Dkt. # 7).  The court orders the FBI Defendants to either complete Mr.

ORDER – 4

Abdalla's name check (or otherwise complete his background investigation) no later than September 10, 2008, or alternatively, to appear for a show cause hearing at 10:00 a.m. on September 15, 2008 to offer specific evidence as to why they have not completed his name check. Defendants shall file a notice no later than September 10 stating which option they have chosen. On the record before the court, there has been no showing that Defendants associated with USCIS will delay unreasonably in adjudicating Mr. Abdalla's petition after receiving notification from the FBI Defendants. The court therefore declines at this time to order relief against the USCIS Defendants.

DATED this 11th day of August, 2008.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5